UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINE A., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:21-cv-00191-BAT <br><br> **ORDER REVERSING THE COMMISSIONER'S DECISION** |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. She contends the ALJ erroneously discounted her testimony and medical opinion evidence and relied upon vocational expert ("VE") testimony that conflicts with the Dictionary of Occupational Titles ("DOT") at step five. Dkt. 13 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 53 years old, has an associate's degree in business, and previously worked as a gas station supervisor. Tr. 39, 169, 178. In September 2018, she applied for benefits, alleging disability as of July 7, 2015. Tr. 152-58. Her application was denied initially and on reconsideration. Tr. 92-94, 98-104. The ALJ conducted a hearing in May 2020 (Tr. 31-

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

64), and subsequently found Plaintiff not disabled.  Tr. 13-25.  As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff did not engage in substantial gainful activity between her alleged onset date and her date last insured ("DLI") of March 31, 2018.

**Step two:**  Through the DLI, Plaintiff had the following severe impairments: ischemic heart disease, fracture ankle status post-surgical repair, obesity, diabetes, vestibular system disorder, and sleep-related breathing disorder.

**Step three:**  Through the DLI, these impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):**  Through the DLI, Plaintiff could perform light work with additional limitations: she could stand/walk four hours per day "in a job where some of the job duties are performed seated and some of the job duties are performed standing[.]"  She could occasionally climb ramps or stairs.  She could never climb ladders, ropes, or scaffolds.  She could frequently balance, stoop, kneel, crouch, and crawl.  She needed to avoid concentrated exposure to extreme cold and to workplace hazards such as dangerous machinery and unprotected heights.

**Step four:**  Through the DLI, Plaintiff could not perform her past work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff could perform through her DLI, she was not disabled.

Tr. 13-25.

## DISCUSSION

**A.     Plaintiff's Testimony**

The ALJ discounted Plaintiff's allegations because (1) the record did not corroborate Plaintiff's allegations of disabling physical limitations that persisted for 12 months during the adjudicated period, (2) Plaintiff described disabling limitations at the hearing that she did not

---

[1] 20 C.F.R. § 404.1520.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER'S DECISION - 2

report to her providers, and (3) Plaintiff's conditions improved with treatment. Tr. 19-21. Plaintiff argues these reasons are not clear and convincing, as required in the Ninth Circuit.[3] *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

      Regarding the ALJ's first reason, Plaintiff points to evidence she complained of ankle-related pain for at least 12 months, and thus the ALJ erred in finding that the record failed to show "any twelve-month period of disabling impairments." Dkt. 13 at 8-9; Tr. 19. But Plaintiff's pain complaints, alone, do not resolve whether they are consistent with the record, which is the crux of the ALJ's challenged finding. Here, the ALJ summarized Plaintiff's treatment notes regarding her ankle condition and noted although Plaintiff continued to report pain, her condition improved with proper footwear and cortisone injections. Tr. 20-21, 576-77. The treatment record also shows Plaintiff was able to walk without assistance. Tr. 576-77. In December 2017, she was instructed to return if her symptoms worsened or failed to improve (Tr. 577), and she did not return until mid-2019, more than a year after the DLI. *See* Tr. 880-84. The ALJ reasonably found the treatment record did not corroborate Plaintiff's hearing testimony that her condition did not improve, that she could only stand/walk 20-30 minutes at a time, and she could not complete her household activities independently. Tr. 40-41, 46-47. Although Plaintiff emphasizes the ALJ failed to point to any evidence contradicting her May 2020 hearing testimony (Tr. 43) that she had been spending 50-75% of a day reclined in a chair for an unspecified number of months, the ALJ reasonably noted the record did not support any

---

[3] The ALJ applied these reasons to Plaintiff's ankle condition as well as her cardiac condition, and Plaintiff does not challenge the ALJ's reasoning with respect to the cardiac issues, arguing that "the focus of her testimony and function report" is the limitations caused by her ankle issues. Dkt. 15 at 3-4. These unchallenged findings with regard to Plaintiff's cardiac allegations further support the ALJ's assessment of Plaintiff's testimony, in addition to the valid reasons related to Plaintiff's ankle condition described herein.

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

suggestion she was limited to that degree during the adjudicated period. *See* Tr. 20. The Court cannot say the ALJ's finding is unreasonable or unsupported by the record, and the ALJ properly considered the extent to which the record corroborated the limitations Plaintiff alleged. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

The ALJ also pointed to objective findings that contradict Plaintiff's allegations of edema: Plaintiff testified she had severe ankle swelling that required her to recline during the day (Tr. 40-41), but the ALJ identified treatment records where Plaintiff was observed to have no edema or only trace edema, and full strength in her extremities. *See* Tr. 21 (citing Tr. 416, 739, 744, 747, 868, 928, 937, 944, 1181, 1184, 1585). This contradiction is another valid reason to discount Plaintiff's allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Although Plaintiff points to some treatment records (Tr. 577, 883 (knee edema in July 2019), 937 (trace edema), 944 (same)) as inconsistent with the ALJ's finding, only one of these records references significant ankle edema during the adjudicated period. *See* Tr. 577. Moreover, the ALJ acknowledged that finding and noted Plaintiff's symptoms were treated with a cortisone shot at that appointment and again a month later, and that Plaintiff did not seek treatment for her ankle again until 2019. *See* Tr. 20 (citing Tr. 577). Thus, Plaintiff has not established the ALJ overlooked relevant evidence of edema during the adjudicated period or that the ALJ's characterization of the record is inaccurate or unreasonable.

Plaintiff also testified her ankle condition never improved since 2016 (Tr. 40) and argues the ALJ erred in finding her ankle condition improved with cortisone injections and the use of proper footwear. *See* Tr. 21. According to Plaintiff, her shoe selection did not reflect improvement but instead accommodation for her swollen foot. Dkt. 13 at 10. But the ALJ cited a treatment note indicating Plaintiff's symptoms improved when she wore tennis shoes and worsened when she wore other types of shoes. Tr. 20 (citing Tr. 576). At another point in that note, Plaintiff's provider recommended "custom orthoses to better stabilize her ankle to aid in activities of daily life." Tr. 577. At that time, Plaintiff elected to pursue a second cortisone injection. Tr. 573, 577. Plaintiff has not shown the ALJ unreasonably found this evidence indicated improvement in Plaintiff's symptoms, given she did not follow up for additional treatment after the December 2017 injection until 2019. This is an additional valid reason to discount Plaintiff's allegations. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (contrary to plaintiff's claims of lack of improvement, physician reported symptoms improved with use of medication).

The ALJ also referenced Plaintiff's daily activities but did not explain how these activities were inconsistent with any of her allegations or demonstrated the existence of transferable work skills. *See* Tr. 21. Thus, this line of reasoning is erroneous. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). This error is harmless, however, in light of the other valid reasons the ALJ provided to discount Plaintiff's subjective testimony, specifically the lack of objective corroboration, the inconsistency with the treatment record, and the evidence of improvement. Because the ALJ provided multiple legally sufficient reasons to discount Plaintiff's allegations, the Court affirms

ORDER REVERSING THE COMMISSIONER'S DECISION - 5

this portion of the ALJ's decision.

B.   **Medical opinion evidence and VE testimony at step-five**

Under 20 C.F.R. §§ 404.1520c(c), 416.920c(c), the ALJ must articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence). Additionally, the ALJ's analysis must be supported by substantial evidence.

Here, the State agency consultants opined Plaintiff was limited to sedentary work (Tr. 72-74, 87-89). The ALJ rejected the opinions finding Plaintiff had "little to no edema and fair strength" and she could complete a number of activities. Tr. 22. The ALJ also found the record did not support the lifting restrictions (lifting 10 pounds occasionally, less than 10 pounds frequently) the consultants indicated. Tr. 22. Lastly, the ALJ noted even if Plaintiff was limited to standing/walking two hours per day, she could still perform two out of the three jobs identified at step five. Tr. 22.

Plaintiff correctly argues the ALJ erroneously found the State agency opinions are inconsistent with her lack of edema and fair strength because certain findings in the record

support the opined limitations. Dkt. 13 at 4 (citing Tr. 266, 269, 270, 275, 279, 280, 287, 568, 571, 573, 576-77, 862, 869, 880, 883-84, 924, 937, 944, 1619).  Plaintiff also correctly argues none of the activities cited by the ALJ were necessarily inconsistent with the exertional limitations described by the State agency consultants.

The Commissioner indicates the ALJ reasonably relied upon the VE's testimony that Plaintiff could perform light duty jobs because those jobs consistent with the limitations the State agency consultant's opinions. Essentially the Commissioner argues any error the ALJ might have committed in rejecting the medical opinions is harmless.

The VE testified under the DOT the mail clerk and production assembler jobs are light jobs. However, the VE stated these jobs could be performed consistent with the standing/walking, lifting, and sit/stand option restrictions described by the State agency consultants because these jobs are "allowed to be performed sitting or standing as long as productivity is maintained." *See* Tr. 56-57, 61-62.  The VE acknowledged his testimony deviated from the DOT and was based on his experience with surveying and performing job analyses of these positions.  *See id*.

VE testimony deviating from the DOT must be adequately explained.  The testimony here falls short of this requirement. The VE did not testify that all the jobs under the DOT defined as light were really "not light." The VE did not set forth how many light jobs, as defined by the DOT, could be performed as "not light" jobs. Hence there is no evidentiary basis to reach the conclusion that the  VE's testimony establishes there are a <u>sufficient</u> number of light jobs as defined by the DOT that can be performed at the RFC set forth by the State agency doctors. The ALJ according erred in relying on the VE's testimony at step five. *See Johnson v. Shalala*, 60

ORDER REVERSING THE COMMISSIONER'S DECISION - 7

F.3d 1428, 1435-36 (9th Cir. 1995) ("[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation.").

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and the case is **REMANDED** for further proceedings under sentence four of 42, U.S.C. § 405(g). On remand the ALJ shall reassess the opinions of the state agency doctors, develop the record and redetermine RFC and proceed to step five as appropriate.

DATED this 18th day of August 2021.

                                                  BRIAN A. TSUCHIDA
                                                United States Magistrate Judge